```
 1  ATKINSON, ANDELSON, LOYA, RUUD & ROMO
    A Professional Corporation
 2  Justin R. Shinnefield            State Bar No. 199036
    Penelope R. Glover               State Bar No. 215825
 3  11440 West Bernardo Ct., Suite 174
    San Diego, California 92127
 4  Telephone: (858) 485-9526
    Facsimile: (858) 485-9412
 5
    Attorneys for Defendant
 6  CHULA VISTA ELEMENTARY SCHOOL
    DISTRICT
 7
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL MARES, mother of CM, a Minor,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CHULA VISTA ELEMENTARY SCHOOL DISTRICT, a Local Educational Agency,<br><br>　　　　　Defendant. | CASE NO.: 07cv2144 JAH (LSP)<br><br>**ANSWER TO COMPLAINT FOR ATTORNEY FEES AND COSTS AND FOR INTEREST FOR VIOLATION OF SETTLEMENT AGREEMENT**<br><br>The Hon. John A. Houston |

Defendant, CHULA VISTA ELEMENTARY SCHOOL DISTRICT ("District"), hereby answers Plaintiff JILL MARES' Complaint for Attorney Fees and Costs and for Interest for Violation of Settlement Agreement ("Plaintiff's Complaint"), for itself only, as follows:

**JURISDICTION AND VENUE**

1. In answering paragraph 1 of Plaintiff's Complaint, the District specifically alleges that the statutory provisions cited in paragraph 1 speak for themselves, and denies generally and specifically each and every allegation in paragraph 1 which is in any way different from or inconsistent with the language set forth in said statutory provisions.

-1-
ANSWER TO COMPLAINT FOR ATTORNEY FEES AND COSTS AND FOR     07cv2144 JAH (LSP)
INTEREST FOR VIOLATION OF SETTLEMENT AGREEMENT

2. In answering paragraph 2 of Plaintiff's Complaint, the District specifically alleges that the statutory provision cited in paragraph 2 speaks for itself, and denies generally and specifically each and every allegation in paragraph 2 which is in any way different from or inconsistent with the language set forth in said statutory provision.

3. In answering paragraph 3 of Plaintiff's Complaint, the District specifically alleges that the statutory provision cited in paragraph 3 speaks for itself, and denies generally and specifically each and every allegation in paragraph 3 which is in any way different from or inconsistent with the language set forth in said statutory provision.

4. In answering paragraph 4 of Plaintiff's Complaint, the District specifically alleges that the statutory provision cited in paragraph 4 speaks for itself, and denies generally and specifically each and every allegation in paragraph 4 which is in any way different from or inconsistent with the language set forth in said statutory provision.

5. In answering paragraph 5 of Plaintiff's Complaint, the District specifically alleges that the statutory provision cited in paragraph 5 speaks for itself, and denies generally and specifically each and every allegation in paragraph 5 which is in any way different from or inconsistent with the language set forth in said statutory provision.

**THE PARTIES/IDEA PREVAILING PARTY STATUS**

6. In answering paragraph 6 of Plaintiff's Complaint, the District admits that Plaintiff is the parent of a female, CM ("Student"), who is approximately ten-years-old. The District further admits that Student attends Maria Montessori School and is in the 4th grade. The District also admits that Student qualifies for special education and related services as a student with an other health impairment ("OHI"). Except as specifically admitted, the District denies generally and specifically each and every allegation contained in paragraph 6.

7. In answering paragraph 7 of Plaintiff's Complaint, the District admits that Plaintiff and Student reside within the jurisdictional boundaries of the District. Except as specifically admitted, the District denies generally and specifically each and every allegation contained in paragraph 7.

8.   In answering paragraph 8 of Plaintiff's Complaint, the District admits that the District is the local educational agency ("LEA") responsible for providing Student with special education and related services. Except as specifically admitted, the District denies generally and specifically each and every allegation contained in paragraph 8.

9.   In answering paragraph 9 of Plaintiff's Complaint, the District admits that on or about October 4, 2006, the District filed a request for due process hearing with the Office of Administrative Hearings ("OAH") regarding Student. The District further admits that the case was entitled *Chula Vista Elementary School District v. Student*, OAH Case No. N2006100142. The District also admits that the due process hearing was conducted on January 29, 2007 and on February 1, 2 and 5, 2007. Additionally, the District admits that a Decision in OAH Case No. N2006100142 was served on the parties on March 21, 2007. In answering paragraph 9 of Plaintiff's Complaint, the District specifically alleges that the Decision cited in paragraph 9 speaks for itself, and denies generally and specifically each and every allegation in paragraph 9 which is in any way different from or inconsistent with the language set forth in said Decision.

10.   In answering paragraph 10 of Plaintiff's Complaint, the District admits that Student filed a request for a due process hearing on or about April 16, 2007. The District further admits that the case was entitled *Student v. Chula Vista Elementary School District*, OAH Case No. N2007040433. Except as specifically admitted, the District lacks sufficient information and belief to answer the allegations contained in paragraph 10, and basing its denial on said ground, denies generally and specifically each and every allegation contained in paragraph 10.

11.   In answering paragraph 11 of Plaintiff's Complaint, the District admits that the parties entered into a Settlement Agreement in OAH Case No. N2007040433 on or about May 31, 2007. The District further alleges that the Settlement Agreement speaks for itself, and denies generally and specifically each and every allegation contained in paragraph 11 which is in any way different from or inconsistent with, the language set forth in said Settlement Agreement.

12.   In answering paragraph 12 of Plaintiff's Complaint, the District denies that "the mother accepted the settlement of $19,814.21," as such language is vague and ambiguous. The

1  District admits that the parties entered into a Settlement Agreement in OAH Case No.
2  N2007040433 on or about May 31, 2007. The District further alleges that the Agreement speaks
3  for itself, and denies generally and specifically each and every allegation contained in paragraph 12
4  which is in any way different from or inconsistent with, the language set forth in said Settlement
5  Agreement. The District denies Plaintiff's allegation that "As this was a compromise of a minor's
6  claim, on June 29, 2007 a Petitioner and Order Approving the $19,814.21 for the minor was set
7  for hearing in Superior Court on July 23, 2007," as such language is unintelligible, vague, and
8  ambiguous. The District admits that on or about June 29, 2007, Plaintiff filed an Application for
9  Appointment of Guardian Ad Litem and that the court's order, filed June 29, 2007, appointed
10 Plaintiff as the guardian ad litem for Student. Except as expressly alleged herein, the District
11 denies generally and specifically each and every allegation contained in paragraph 12.

12     13.    In answering paragraph 13 of Plaintiff's Complaint, the District denies that Hon.
13 William S. Cannon, Judge of the Superior Court granted and entered the Order Approving
14 Minor's Compromise on August 24, 2007. The District alleges that the Order Approving
15 Compromise of Disputed Claim or Pending Action or Disposition of Proceeds of Judgment for
16 Minor or Adult Person with a Disability speaks for itself, and was signed by Hon. William S.
17 Cannon on August 23, 2007. Except as specifically admitted, the District denies generally and
18 specifically each and every allegation contained in paragraph 13.

19     14.    In answering paragraph 14 of Plaintiff's Complaint, the District denies that the
20 "funds in the amount of $19,821.14, representing the educational expenses for Student for the
21 2006-2007 school year were received and disbursed without reduction for any attorney fees and
22 costs." The District alleges that it paid Plaintiff the amount of $19,814.21 and that said payment
23 was made pursuant to a Settlement Agreement in OAH Case No. N2007040433. The District
24 further alleges that the Agreement speaks for itself, and denies generally and specifically each and
25 every allegation contained in paragraph 14 which is in any way different from or inconsistent with,
26 the language set forth in said Settlement Agreement. Except as specifically admitted, the District
27 denies generally and specifically each and every allegation contained in paragraph 14.
28

15. In answering paragraph 15 of Plaintiff's Complaint, the District denies generally and specifically each and every allegation contained in paragraph 15. Additionally, the allegations in paragraph 15 are compound, vague and ambiguous.

## SUPPLEMENTAL CLAIMS

16. In answering paragraph 16 of Plaintiff's Complaint, the District admits that Plaintiff incorporates by reference each and every allegation of paragraphs 1 through 15 of the Complaint.

17. In answering paragraph 17 of Plaintiff's Complaint, the District admits that the parties entered into a Settlement Agreement in OAH Case No. N2005120876 on or about May 11, 2006. The District further alleges that the Agreement speaks for itself, and denies generally and specifically each and every allegation contained in paragraph 17 which is in any way different from or inconsistent with, the language set forth in said Settlement Agreement.

18. In answering paragraph 18 of Plaintiff's Complaint, the District denies generally and specifically each and every allegation contained in paragraph 18.

19. In answering paragraph 19 of Plaintiff's Complaint, the District admits that, on or about March 9, 2007, the District and Plaintiff entered into a Settlement and Mutual Release Agreement. The District alleges that the Settlement Agreement speaks for itself, and denies generally and specifically each and every allegation contained in paragraph 19 which is in any way different from or inconsistent with, the language set forth in said Settlement Agreement.

20. In answering paragraph 20 of Plaintiff's Complaint, the District denies generally and specifically each and every allegation contained in paragraph 20.

21. In answering paragraph 21 of Plaintiff's Complaint, the District lacks sufficient information and belief to answer the allegations contained in paragraph 21, and basing its denial on said ground, the District denies generally and specifically each and every allegation contained in paragraph 21.

### FIRST CLAIM FOR RELIEF

22. In answering paragraph 22 of Plaintiff's Complaint, the District admits that Plaintiff incorporates by reference each and every allegation of paragraphs 1 through 21 of the Complaint.

23. In answering paragraph 23 of Plaintiff's Complaint, the District denies generally and specifically each and every allegation contained in paragraph 23.

24. In answering paragraph 24 of Plaintiff's Complaint, the District denies generally and specifically each and every allegation contained in paragraph 24.

### SECOND CLAIM FOR RELIEF

25. In answering paragraph 25 of Plaintiff's Complaint, the District admits that Plaintiff incorporates by reference each and every allegation of paragraphs 1 through 24 of the Complaint.

26. In answering paragraph 26 of Plaintiff's Complaint, the District denies generally and specifically each and every allegation contained in paragraph 26.

### PRAYER FOR RELIEF

1. In answering paragraph 1 of Plaintiff's Prayer for Relief, the District requests that the Court award nothing against the District. In the alternative, the District requests that the Court reduce any award requested by Plaintiff.

2. In answering paragraph 2 of Plaintiff's Prayer for Relief, the District requests that the Court award nothing against the District. In the alternative, the District requests that the Court reduce any award requested by Plaintiff.

3. In answering paragraph 3 of Plaintiff's Prayer for Relief, the District requests that the Court award nothing against the District. In the alternative, the District requests that the Court reduce any award requested by Plaintiff.

### PRAYER FOR RELIEF

1. In answering paragraph 1 of Plaintiff's second Prayer for Relief, the District requests that the Court award nothing against the District. Plaintiff's second Prayer for Relief is

duplicative and unintelligible. In the alternative, the District requests that the Court reduce any award requested by Plaintiff.

2. In answering paragraph 2 of Plaintiff's second Prayer for Relief, the District requests that the Court award nothing against the District. Plaintiff's second Prayer for Relief is duplicative and unintelligible. In the alternative, the District requests that the Court reduce any award requested by Plaintiff.

3. In answering paragraph 3 of Plaintiff's second Prayer for Relief, the District requests that the Court award nothing against the District. Plaintiff's second Prayer for Relief is duplicative and unintelligible. In the alternative, the District requests that the Court reduce any award requested by Plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

1. As a first, separate and affirmative defense to the Complaint, the District alleges that the District is not responsible for reimbursing Plaintiff for any costs associated with or a reduction in the cost of legal services performed by an attorney or expert witness services where the rate of service is unreasonable and/or the amount of hours worked on the case are unreasonable.

**SECOND AFFIRMATIVE DEFENSE**

2. As a second, separate and affirmative defense to the Complaint, the District alleges that the Complaint and each claim for relief fails to state a claim upon which relief can be granted against the District.

**THIRD AFFIRMATIVE DEFENSE**

3. As a third, separate and affirmative defense to the Complaint, the District alleges that Plaintiff has had notice of all the facts as set forth in Plaintiff's complaint and, nevertheless refrained from commencing and/or serving this action against the District for such a period of time that Plaintiff is guilty of laches that should, in equity, bar Plaintiff from maintaining this suit.

**FOURTH AFFIRMATIVE DEFENSE**

4. As a fourth, separate and affirmative defense to the Complaint, the District alleges

that Plaintiff is estopped by her conduct from receiving any relief from her complaint, or any purported cause of action alleged therein.

**FIFTH AFFIRMATIVE DEFENSE**

5. As a fifth, separate and affirmative defense to the Complaint, the District alleges that any recovery on Plaintiff's Complaint, or any purported claim for relief alleged therein, is barred because the District's disputed conduct was privileged and/or justified.

**SIXTH AFFIRMATIVE DEFENSE**

6. As a sixth, separate and affirmative defense to the Complaint, the District alleges that at all times mentioned herein, the District acted in good faith in doing any of the acts alleged in the reasonable belief that its actions were lawful.

**SEVENTH AFFIRMATIVE DEFENSE**

7. As a seventh, separate and affirmative defense to the Complaint, the District alleges that Plaintiff, by reason of her acts, omissions, representations and course of conduct, have waived any claim against the District.

**EIGHTH AFFIRMATIVE DEFENSE**

8. As an eighth, separate and affirmative defense to the Complaint, the District alleges that each claim for relief in Plaintiff's complaint is barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

9. As a ninth, separate and affirmative defense to the Complaint, the District alleges that Plaintiff has failed to exhaust her administrative remedies.

**TENTH AFFIRMATIVE DEFENSE**

10. As a tenth, separate and affirmative defense to the Complaint, the District alleges that Plaintiff's complaint, and each claim for relief asserted therein is barred by the applicable statute of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. As an eleventh, separate and affirmative defense to the Complaint, the District alleges that Plaintiff is not a prevailing party and/or only partially prevailed in the underlying case

or cases before OAH.

## TWELFTH AFFIRMATIVE DEFENSE

12. As a twelfth, separate and affirmative defense to the Complaint, the District alleges that Plaintiff waived her right to attorney fees by executing one or more settlement agreements that were non-judicially sanctioned and contained no language regarding attorney fees. (*P.N. v. Seattle Sch. Dist.*, 474 F.3d 1165 (9th Cir. 2007).)

WHEREFORE, the District prays for judgment as follows:

1. That Plaintiff takes nothing by her complaint;
2. That the District recovers its costs of suit herein;
3. That the District recovers reasonable attorney's fees incurred herein; and
4. That the Court awards such other and/or further relief as it deems just and proper.

DATED: December 10, 2007

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: s/ Penelope R. Glover
Penelope R. Glover
Attorneys for Defendant CHULA VISTA ELEMENTARY SCHOOL DISTRICT

# PROOF OF SERVICE

(Code Civ. Proc. § 1013a(3))

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 11440 West Bernardo Ct., Suite 174, San Diego, CA 92127.

On December 10, 2007, I caused to be served **ANSWER TO COMPLAINT FOR ATTORNEY FEES AND COSTS AND FOR INTEREST FOR VIOLATION OF SETTLEMENT AGREEMENT** on the following interested parties in this action:

Ellen Dowd, Esq.                              Attorneys for Plaintiff, Jill Mares
2658 Del Mar Heights Road #228
Del Mar, CA  92014
Telephone:    (858) 342-8360
Fax:             (858) 755-6348
ellendowd@sbcglobal.net

☐ **BY MAIL:** I deposited such envelope in the mail at San Diego, California. The envelope(s) was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☒ **BY EFILING:**

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 10, 2007, at San Diego, California.

s/ Shannon P. Pasek
SHANNON P. PASEK